Richards, J.
At the April term, 1916, Wilbur J. Charville was indicted by the grand jury of Huron county, the indictment containing two counts. The second count of this indictment charged him with unlawfully and knowingly having in his possession on March 15,. 1916, for the purpose of selling, and with then selling to one Arthur C. Link, eight obscene, lewd and lascivious photographs. The first count of this indictment was the same as the. second except that the charge described the articles as pictures instead of photographs.
*237 The defendant filed motions to quash the different counts of the indictment, and, on these motions being overruled, he excepted and filed demurrers to the several counts of the indictment, and, on these demurrers being overruled, he was placed on trial and was convicted under the second count of the indictment and sentenced thereunder.
He now prosecutes error to this court, contending the court erred in overruling- the motions to quash the indictment, and likewise in overruling the demurrers thereto. No bill of exceptions was taken and the case is submitted to this court solely on the exceptions to the judgments rendered on the motions and demurrers as aforesaid.
It is claimed that the indictment is bad for duplicity, and because it fails to show how the articles mentioned were sold, and because it does not contain a copy of the photographs nor any facts showing that they were either obscene, lewd or lascivious.
We have no hesitancy in reaching a conclusion that the indictment is not objectionable on either of the first two grounds stated. It is not justly subject to the charge of duplicity; nor is it lacking in certainty for failing to state in detail how the photographs were sold.
The criticism on the indictment that it contains neither a copy of the photographs nor any averments .showing how the same are obscene, lewd or lascivious, and no excuse for failing to-make such an averment, is not so easily disposed of. It is quite true that the rules of pleading in criminal cases of this character justify omitting from indictments obscene allegations, but it appears to be *238 equally true that the necessity for such omission should be set forth in the indictment in order to make the same technically in compliance with the law. If a copy of the photographs is not given, good pleading would require that such a description as decency permits should be given, and then the indictment should contain an averment that the photographs are too obscene or lewd or lascivious for further description or recital. This rule, in substantially this form, has been the almost uniform practice for many years in this country, and is stated so recently as 1913 in Section 496 of the edition of Bishop’s New Criminal Procedure, then published. See, also, 8 Ruling Case Law, 317, Section 344. Occasionally here and there may be found a case which has broken over the rule as stated, but the great current of authority is in accordance with the principle announced.
It was under consideration by the supreme court in The State of Ohio v. Zurhorst; 75 Ohio St., 232. The indictment in that case contained an averment that the printed matter was so indecent and immoral that it would be offensive to the court and improper to be placed upon the records thereof, and the indictment was sustained by the supreme court.
The indictment in the case at bar fails to contain any such averment. We must therefore reach the conclusion that it is defective and justly subject to the criticism made against it.
Having reached this conclusion, it does not necessarily follow that the judgment must be reversed and the defendant discharged. The records of the courts contain cases where violators of *239 the criminal law have gone unwhipped of justice because of technicalities which in no wise affected the substantial merits of the case or resulted in prejudice to the defendant. To avoid this evil the general assembly of Ohio, as early as 1869, in adopting the code of criminal procedure for the state, enacted in Section 90 thereof, as found in 66 Ohio Laws, 301, a provision intended to obviate the evil .mentioned. This section as then enacted is substantially the same as is now known as Section 13581, General Code. It enumerates a large number of defects which shall not be deemed to make an indictment invalid, and contains in addition the general statement that the indictment shall not be held invalid “for other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits.”
Therefore, even though the indictment is defective for the reason already stated, the question remains whether such defect is one which tends to prejudice the substantial rights of the defendant. No question is or could be made but that the indictment would be valid if it contained an averment that the obscene, lewd and lascivious photographs were too obscene to set out or to further describe. Is the omission of that averment in the indictment so prejudicial to the substantial rights of the defendant as to require a judgment of reversal? We are unanimously of the opinion that it is not. If the averment were in the indictment, it necessarily would not advise the defendant of anything which he did not already know. The indictment mentions eight particular photographs which were obscene, lewd and lascivious, and which *240 were on a specific day named, sold by the defendant to Arthur C. Link.' In view of the substantial sentence in this case of a fine of $1000 and imprisonment for not exceeding five years, it is evident that the trial court believed the photographs were of such a character as would have merited the averment.
The section of the General Code under consideration has been many times cited and construed. It will only be necessary to refer to one or two of the cases. In Lynch v. State of Ohio, 5 Ohio App., 16, the nature and character of the instrument with which the homicide was committed were not particularly described, and it was held that this defect did not prejudice the substantial rights of the accused and did not invalidate the indictment.
In Tingue v. The State, 90 Ohio St., 368, the section was quoted in full in the opinion of the court, the supreme court announcing in the syllabus that a mistrial should not be ordered simply because some error had intervened, but that the error, to justify such holding, must prejudicially affect the merits of the case and the substantial rights of the defendant.
Whether the substantial-prejudice statute could be applied to a case where the indictment charges the use of obscene and licentious language, and an infirmity exists therein similar to that in the case at bar, need not be determined. An indictment charging such offense without setting out the language, and without giving an excuse for the omission, was held bad by the common pleas court in Hummel v. The State, 10 O. D., 492, apparently without giving consideration to the section of the General Code *241 to which reference has been made. The certainty and precision manifest in photographs, and the uncertainty of the human memory in recalling oral statements, are facts patent to all.
In view of the fact that no bill of exceptions was taken, an interesting question has arisen which we deem it unnecessary to decide, namely, whether the court might not be justified in assuming, in favor of the regularity of the judgment, that on the trial of the case the defendant himself may have made such admissions or statements, or offered such evidence, or permitted the state to prove, without objection, such matters as would have cured the defects in the indictment.
We hold that while good pleading would have required that the indictment contain a copy of the photographs, or such description of the same as decency would permit, or an averment that the same were too obscene for recital, yet such failure was not in this case prejudicial to the substantial rights of the defendant.
The judgment will, therefore,, be affirmed.

Judgment affirmed.

Chittenden and Kinkade, JJ., concur.