KELLEY v. THE STATE OF OHIO.

*Intoxicating liquors—Unlawful transportation—Unnecessary to allege termini of transportation.*

In a prosecution for unlawful transportation of intoxicating liquor, it is not necessary to set forth in the accusation the places between which the transportation occurred.

(Decided February 24, 1923.)

ERROR: Court of Appeals for Crawford county.

*Messrs. Pigman & Homer,* for plaintiff in error.
*Mr. Chester A. Meck,* for defendant in error.

CROW, J.    Plaintiff in error was convicted before a magistrate, of the offense of transporting intoxicating liquor, and error is prosecuted here to reverse the judgment of conviction, for the reason that the affidavit is deficient in that it does not specify the places between which the liquor was transported.

The affidavit, so far as concerns the point in controversy, is in these words: at the county of Crawford in the state of Ohio, did then and there transport intoxicating liquors. Many cases are cited by counsel for plaintiff in error supporting his contention that a charge of violation of a law prohibiting transportation of intoxicating liquor must set forth the places between which the liquor was transported. This seems to be a rule generally recognized and applied outside of Ohio. But we regard the rule in Ohio settled against the position taken by counsel for plaintiff in error by

the case *State of Ohio* v. *Marcinski*, 103 Ohio St., 613.

In the *Marcinski case* it is decided that in an accusation of illegal possession of intoxicating liquors, the kind of liquors need not be set forth. The reasoning of the case makes it clear that the accusation of commission of misdemeanor may ordinarily be pleaded in the language of the statute; that is to say, the words of the statute may be followed, and no fact additional to the statutory language is necessary to the validity of the accusation, except in a very restricted class of cases.

In the *Marcinski case* the court recognizes that the existing statutes, which dispense with certain requirements in accusations for violation of statutes governing intoxicating liquors, do not go far enough to expressly excuse the setting forth of a description of the liquor as to which the offense of possession was committed, but that the settled policy of the law in Ohio, concerning the sufficiency of indictments and other forms of accusation, particularly as to misdemeanors, makes the affidavit good, notwithstanding it does not contain a description of the liquor.

No reason is perceivable for not applying that reasoning to an affidavit charging transportation of liquor in the identical language which defines that offense. The judgment will therefore be affirmed on the authority and reasoning of the *Marcinski case*.

Another reason exists for affirming the judgment in the present case, even though the affidavit be defective in not stating the places between which the liquor was transported.

Section 13581, General Code, provides that an

indictment shall not be invalid, and a judgment stayed, for defects which do not tend to prejudice the substantial rights of defendant, upon the merits.

There is nothing in the record under review to even suggest that in preparing for trial, or at the trial, defendant was detrimentally affected either by way of misapprehension or misunderstanding of any feature of the transaction which formed the basis of the charge, or that he was taken by surprise at any stage, or that there were not continuously available to him all means of defense. In short, there is nothing to indicate that if the points between which the liquor was being transported had been set forth the case would have been prepared, prosecuted or tried differently, or that the same judgment should not have been pronounced.

A case involving the principle which should be applied, and which we follow and commend, is that of *Charville* v. *State*, 6 Ohio App., 236.

*Judgment affirmed.*

Hughes and Warden, JJ., concur.